UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MARCIA A. LURENSKY**, | ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Civil Action No. 08-1199 (HHK/JMF) |
| **JON WELLINGHOFF**, **Chairman,** **Federal Energy Regulatory Commission,** | ) ) ) ) |  |
| Defendant. | ) ) |  |

**MEMORANDUM OPINION**

This case was referred to me by Judge Kennedy for the purpose of handling all discovery and discovery-related disputes. Before me are several motions: the defendant's Motion for a Protective Order With Respect to Plaintiff's Request for Production of Documents and for an Order Limiting the Number of Rule 34 and Rule 36 Requests That Each Party May Serve [#19, 20] and the plaintiff's Motion to Compel the Production of Documents [#23].

**I.   Background**

Plaintiff Marcia Lurensky brings this action, proceeding *pro se*, against the Federal Energy Regulatory Commission ("FERC") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e[1] *et seq.*, and Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*. Plaintiff alleges five causes of action: discrimination on the basis of gender, religion, and disability; retaliation; and a hostile work environment. Amended Complaint ("Am.

---

[1] All references to the United States Code are to the electronic version that appears in Westlaw or Lexis.

Compl.") [#34] ¶ 1.

      Plaintiff was employed since 1990 as an attorney in FERC's Office of General Counsel. Am. Compl. ¶ 9. Plaintiff alleges that after opposing certain employment practices, a protected activity, she was targeted in a retaliatory manner and subjected to a hostile work environment and discrimination. Am. Compl. ¶ 31. Specifically, plaintiff alleges she was subject to retaliatory acts including the monitoring of her computer and documents, substandard performance evaluations, and a denial of administrative leave, compensatory time, and reassignment, among others. Am. Compl. ¶ 35. Regarding her claim of hostile work environment, plaintiff additionally alleges that she was treated negatively by other employees and was subjected to hostile acts. Am. Compl. ¶¶ 23, 36. Plaintiff's allegation of disability discrimination is based largely on the revocation of accommodations for her disability. Am. Compl. ¶ 32. Plaintiff alleges religious discrimination based on a denial of religious compensatory time and/or administrative leave for Jewish holidays. Am. Compl. ¶ 33. Finally, plaintiff alleges gender discrimination based on retaliatory allegations of sexual harassment lodged against her. Am. Compl. ¶ 34.

      On March 3, 2009, plaintiff served on defendant 109 document requests per Rule 34 of the Federal Rules of Civil Procedure.[2] Defendant subsequently moved for this protective order quashing plaintiff's request on the basis that it is too voluminous and seeking to limit to thirty each the number of Rule 34 document requests and Rule 36 requests for admissions submitted per party. Plaintiff cross-moved to compel defendant to respond to her request for production.

---

[2] All references to "the Rules" or "Rule [No.]" refer to the Federal Rules of Civil Procedure.

## II.   Analysis

The scope of discovery permitted in civil actions is broad, permitting discovery of any material relevant to a claim or defense, including material inadmissible at trial but reasonably likely to lead to admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Historically, Title VII plaintiffs have been allowed a very broad scope of discovery.  Pleasants v. Allbaugh, 208 F.R.D. 7, 9 (D.D.C. 2002).  Trial courts are afforded considerable discretion in managing the discovery process.  Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd., 247 F.R.D. 198, 201 (D.D.C. 2008) (citing Food Lion Inc. v. United Food and Commercial Workers Int'l Union, 103 F.3d 1007, 1012 (D.C. Cir.1997).

**A.** *Defendant's Motion for Protective Order and to Limit Number of Rule 34 and 36 Requests*

Defendant argues that it should be relieved of responding to plaintiff's requests for document production on the grounds that the large number of requests is disproportionate to the litigation.  Memorandum in Support of Defendant's Motion for Protective Order [#19] ("Def.'s Mem.") at 1.  Defendant does not object to any individual request.  Rather, it lodges what essentially is a blanket objection against the request as a whole as overly broad and burdensome, calling it "scorched earth" litigation.  Defendant's Reply in Support of Motion for Protective Order [#27] at 1.  Defendant urges the court to quash plaintiff's entire request.

Plaintiff counters that each of the 109 requests are relevant and material to her causes of action and necessary to meeting her burden of proof.  Plaintiff's Memorandum in Opposition to Motion for Protective Order [#24] ("Pl.'s Opp.") at 23.  Plaintiff further argues that her request for production comports with Rule 34 of the Federal Rules of Civil Procedure because each request is set forth with particularity.  Pl.'s Opp. at 4.

**1. Rule 34 Requirements**:

Rule 34 plainly states that objections to requests for production must be made on an individual basis. Fed. R. Civ. P. 34(b)(2)(B) ("For *each item or category*, the response must ... state an objection to the request, including the reasons.") (emphasis added). Inasmuch as the defendant's motion is an attempt at a blanket objection to the entire production request as overly burdensome, it is insufficient under this framework.

**2. Rule 26 Requirements**:

Rule 26 allows for the court's intervention to limit the scope of discovery via a protective order if, for example, the discovery sought will be unreasonably cumulative or duplicative or unduly burdensome. Fed. R. Civ. P. 26(b)(2)(C). The movant must show good cause for the proposed limitation of discovery, including specific, articulable facts and not merely speculative or conclusory statements. Jennings v. Family Management, 201 F.R.D. 272, 275 (D.D.C. 2001) (citing Alexander v. FBI, 186 F.R.D. 71, 74 (D.D.C.1998)). The defendant's motion contains no specific facts showing how responding to plaintiff's production requests would be unduly burdensome or otherwise deserving of the protective order. Defendant simply relies on the fact that plaintiff's request is "facially excessive" as its evidence that the request is overly burdensome and states, "it would be beyond the scope of this motion to identify each example of an overly broad, irrelevant, redundant, and/or burdensome request." Def.'s Mem. at 5. Absent a specific articulation of facts supporting its conclusion that the plaintiff's request is unreasonably cumulative, duplicative, or burdensome, the defendant has not proffered the required good cause to support the issuance of a protective order.

### 3. Limitations on Rule 34 and 36 Requests:

Defendant additionally requests that this Court limit to thirty each the number of requests for document production and admissions permitted per party. The defendant correctly notes that other jurisdictions have imposed such a limit, generally by local rule,[3] but the District of Columbia is not among them. The parties themselves had an opportunity to set the limits on discovery in their initial conference as allowed by this Court's local rules. See LCvR 16.3(C)(8). Given the broad scope of discovery permitted by the Federal Rules and the fact that this District's local rules put the initial onus of limiting discovery on the parties, I am reluctant at this stage to impose any *per se* limits on the extent of discovery with respect to requests for production. As to the requests for admission, it is premature at this stage to request a limitation as no requests have yet been served upon the defendant. Accordingly, I will deny without prejudice the defendant's motion as to the requests for admission.

### B. *Plaintiff's Motion to Compel*

Plaintiff urges the Court to compel defendant to comply with her request for production, asserting that the requests are within the scope of applicable discovery and a motion is appropriate due to a failure of the parties to come to an agreement following a good-faith conferral. Plaintiff's Memorandum in Support of Motion to Compel [#23] ("Pl.'s Mem.") at 4-5. Defendant opposes the motion for essentially the same reasons as put forth in support of its motion for a protective order, namely, that the requests are too voluminous to require compliance. Defendant's Memorandum in Opposition to Motion to Compel [#29] at 1-2.

---

[3] See, e.g., Oklahoma ex. rel. Edmondson v. Tyson Foods, Inc., No. 05-CV-329-TCK-SAJ, 2007 WL 54831, at *2 (N.D. Okla. Jan. 5, 2007) (local rules limit requests for admission to 25 per party); Estate of Manship v. United States, 232 F.R.D. 552 (M.D. La. 2005) (local rules limit requests for admission to 25 per party).

Rule 37 permits the court to compel discovery provided the parties have attempted in good faith to resolve the issue among themselves before resorting to court action. Fed. R. Civ. P. 37(a)(1). Here, the parties conferred and were unable to reach an agreement prior to the deadline for response. Pl.'s Mem. at 5. Plaintiff's document request complies with the basic requirements of Rule 34: the requests are set out with particularity and include a time, place, and manner for inspection. Fed. R. Civ. P. 34(b)(1). As previously stated, the permissible scope of discovery, especially in a Title VII case, is very broad. However, it is not a license to conduct a limitless amount of discovery; the requests must be reasonably limited temporally and to the appropriate "employment unit." Glenn v. Williams, 209 F.R.D. 279, 281-82 (D.D.C. 2002). Plaintiff must adhere to these limitations, and defendant has the ability to object on grounds of overbreadth, irrelevance, or undue burden to any request it believes is not within these limits or those set forth in the Rules. Nevertheless, plaintiff is at least entitled to a response to her initial request.

Plaintiff proposes that defendant respond to the request for production within ten days. However, given the large number of requests, I think it appropriate to give the defendant a thirty-day window during which it must respond to plaintiff's first request for production, either by making available the responsive material or objecting individually to the requests.

### III.   Conclusion

For the foregoing reasons, defendant's Motion for a Protective Order [#19] will be denied and its Motion for an Order Limiting the Number of Rule 34 and Rule 36 Requests [#20] will be denied with respect to Rule 34 and denied without prejudice with respect to Rule 36. Plaintiff's Motion to Compel [#23] will be granted.

An Order accompanies this Memorandum Opinion.

Date: June 16, 2009                                              /S/
                                                         JOHN M. FACCIOLA
                                                         U.S. MAGISTRATE JUDGE