# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MARCIA A. LURENSKY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 08-1199 (HHK/JMF)** |
| | ) | |
| **JON WELLINGHOFF, Chairman,** | ) | |
| **Federal Energy Regulatory Commission,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION

This case was referred to me by Judge Kennedy for the purpose of handling all discovery and discovery-related disputes. Before me is plaintiff's Second Motion to Compel the Production of Documents [#53] ("Pl. Mot."). On April 9, 2010, Judge Kennedy referred the case to mediation and stayed all remaining deadlines. In light of that order, I *sua sponte* stayed plaintiff's motion on April 12, 2010 until the conclusion of the mediation period. On June 11, 2010, the parties filed a joint status report indicating that mediation was unsuccessful, and seeking to reinstate the scheduling order. I will now consider plaintiff's motion.

## BACKGROUND

The factual background of the case has been provided in another opinion that I have written. See Lurensky v. Wellinghoff, 258 F.R.D. 27 (D.D.C. 2009). Briefly, plaintiff Marcia Lurensky brings this action, proceeding *pro se*, against the Federal Energy Regulatory Commission ("FERC") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e[1] *et seq*., and Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*.

Plaintiff alleges five causes of action: discrimination on the basis of gender, religion, and disability; retaliation; and a hostile work environment. Amended Complaint ("Am. Compl.") [#34] ¶ 1.

Plainitiff's Amended Complaint, prolix as it is, sets forth the following allegations:

1.  In June, 2003, her accomodations for her disabilities were revoked.

2.  In September, 2003, Deputy General Counsel Marsha Gransee denied her request for reassignment.

3.  At some point in time in 2003, she was denied credit for her not being at work on the Jewish High Holy Days.

4.  She was subjected to a hostile environment, apparently from 2003 onwards.

5.  In June, 2004, she was evaluated as Fully Successful, an evaluation she protested.

6.  In November, 2003, her application for a position in the Office of General Counsel's Solicitor's Office was rejected.

7.  On November 5, 2005, the attorney assigned to represent FERC in the various EEO matters she had raised retrieved materials from her computer.

8.  FERC has surveilled her since she began engaging in EEO protected activity.

See, generally, Am. Compl.

On March 3, 2009, plaintiff served on defendant 109 document requests per Rule 34 of

---

[1] All references to the United States Code are to the electronic versions that appear in Westlaw or Lexis.

the Federal Rules of Civil Procedure.[2]  Defendant subsequently moved for a protective order quashing plaintiff's request on the basis that it was too voluminous and seeking to limit to thirty each the number of Rule 34 document requests and Rule 36 requests for admissions submitted per party.  Plaintiff cross-moved to compel defendant to respond to her request for production.  I granted plaintiff's motion and denied defendant's motion for a protective order, denying without prejudice the motion with respect to Rule 36.  <u>See</u> <u>Lurensky</u>, 258 F.R.D. at 31.  Now, plaintiff has filed her second motion to compel.

No good deed ever goes unpunished.  Plaintiff is abusing the discovery I permitted. Indeed, this Second Motion to Compel is stupefying in its prolixity and complexity.  It is 86-pages long, contains 38 footnotes, and, as will now be shown, seeks to compel for the most part information that cannot possibly be relevant or likely to lead to relevant information.

<b>LEGAL STANDARD</b>

In general, a party is entitled to discover information if the information sought appears "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Additionally, a party may discover information that is not privileged and "is relevant to the claim or defense of any party." <u>Id.</u>  Relevance for discovery purposes is broadly construed.  <u>See, e.g.</u>, <u>Burlington Ins. Co. v. Okie Dokie, Inc.</u>, 368 F. Supp. 2d 83, 86 (D.D.C. 2005) (citations omitted).

In addition, a court is bound by Rule 1 of the Federal Rules of Civil Procedure, which requires it to construe and administer the rules "to secure the just, speedy, and inexpensive

---

[2] All references to "the Rules" or "Rule [No.]" refer to the Federal Rules of Civil Procedure.

determination of every action and proceeding." Fed. R. Civ. P. 1; see also Covad Comm'ns Co. v. Revonet, Inc., 267 F.R.D. 14, 20 (D.D.C. 2010). A court is further bound by Rule 26(b)(2)(C)(iii), which requires it to limit discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii); see also, Covad, 267 F.R.D. at 20.

## DISCUSSION

### I. Plaintiff's Motion to Compel in Relation to Specific Document Requests

In reviewing plaintiff's motion to compel as it relates to specific document requests, I found it far more efficient to divide the requests into categories, and then to review plaintiff's concerns about the defendant's production as to each category. The categories are: (1) Awards, performance, and workload of others; (2) Accommodations of other employees with disabilities; (3) Monitoring of Plaintiff or Her Computer; (4) Reassignments and Application within FERC's Office of General Counsel and Solicitor's Office; (5) Discovery of Witness Information; (6) Disciplining of Other Employees; (7) "Where's My Change" Documents; (8) Documents and Communications Regarding Plaintiff; (9) Advanced Leave Documents; (10) Documents and Communications Regarding Jack Kendall; (11) Documents Created by or Related to Robert Christin; and (12) Miscellaneous requests. I will address each in turn.

A. Awards, performance, and workload of others

Document requests 17, 18, 19, 20, 25, 50, and 91 all relate to the awards given or evaluations of the performance and workload of other employees at FERC as indicated by the

following chart:

| Number | Documents Sought | Period |
|--------|------------------|--------|
| 17 | All documents relating to cash awards, time-off awards, and performance evaluations of attorneys in the Energy Projects | 2000-present |
| 18 | Performance evaluations of these attorneys | 2000-present |
| 19 | All reports, charts, tabulations, and listings of performance evaluation ratings for employees in the Office of the General Counsel for 2001 through 2005. | 2001-present |
| 20 | All performance evaluations for all employees in the Office of the General Counsel | 2001-2005 |

These demands are overbroad. First, as the government complains, plaintiff's claim is about a single evaluation she received in 2004, and she does not complain about not receiving a cash award. It is flatly absurd to suggest that her complaints about a single performance evaluation would require the production of every performance evaluation of every employee in the Energy Projects section for a ten-year period.

In any event, defendant has produced some documents in response to plaintiff's request numbers 17, 18, 19, and 20. See Pl. Mot. 14-17. In response to request 17, defendant produced a chart showing the evaluation ratings of employees in the Office of the General Counsel during the time period relevant to the plaintiff's claims. Id. at 14. Plaintiff argues that the chart is "self-serving" and not at all sufficient; however, except for bald assertions of insufficiency, she fails to convince me that any information not produced would be useful in any way to proving her claims of failure to accommodate, retaliation, and a hostile environment. Defendant's production in

response to these four overbroad and objectionable requests is sufficient.

Document request 25 seeks all documents related to awards to certain employees. This request for employees' award history is irrelevant to plaintiff's claims, as noted, she has not complained that she did not receive the awards that others did.

Document request 50 seeks the work load reports for the attorneys in the Energy Projects section. Id. at 38. According to defendant, it does not understand nor does it use the term "work load reports." Defendant's Opposition to Plaintiff's Second Motion to Compel Production of Documents [#58] ("Def. Opp."), at 24. According to defendant, plaintiff has not clarified what she means by work load reports, nor has she clearly articulated why such "reports" would be relevant to her suit. Id. I agree. Defendant cannot produce what it does not have.

Document 91 seeks personnel information specific to thirteen Energy Projects employees, including their supervisors, their performance evaluators, the persons who authorized their leave, and the persons who authorized their awards. Pl. Mot. 60. Plaintiff claims to need this information because the employees are listed in defendant's Rule 26 disclosures and the documents may lead to admissible evidence about the inter-relationships of employees and/or evidence of favoritism in plaintiff's work environment. Id. Plaintiff cannot be seriously suggesting that the fact that an employee is listed as a person who might have information about her claims compels the disclosure of their entire personnel file irrespective of any connection between the information they may have and their personnel files.

Plaintiff's motion to compel in regards to request numbers 17, 18, 19, 20, 25, 50, and 91 will be denied.

B. <u>Accommodations of other employees with disabilities</u>

Document requests 22, 24, 27, and 64 all relate to the accommodations of other

employees with disabilities.  The following chart indicates the nature of the documents sought:

| Number | Documents sought | Period |
|---|---|---|
| 22 | All documents relating to requests for accommodation for disability in Office of General Counsel | 2000 to present |
| 24 | All documents relating to requests for accommodation for disability to all employees at FERC including 6 named employees | not specified |
| 27 | All documents relating to authorizing attorneys employed at FERC to work/ at home or off site, not limited to accomodations for disability, including authorization of one named employee tow work in California and another in Ireland | "from 2003" [to the present] |
| 64 | Listings, charts, tabulations of FERC employees who are permitted to work at home as accommodation for disability, Alternative Work Schedule or Flexiplace | not specified |

Insofar as these requests are not limited to accommodations for disability, they are

irrelevant.  Information that has nothing to do with accommodating disabilities cannot possibly

have any thing to do with a failure to accommodate persons with disabilities.

Document request 64 seeks documents about FERC employees permitted to work at

home as an accommodation for disability, Alternative Work Schedule or Flexiplace. Pl. Mot. 48.

Plaintiff is not complaining about not being permitted to work at home as an accommodation,

and this request is irrelevant.

In any event, and despite the over-breadth of these requests, defendant has produced all documents regarding accommodations from 2000 to 2005. Def. Opp. 13-14. Plaintiff objects to the redaction of the names of the persons who applied, but she knows the request that was made, the nature of the disability claimed, and the agency's action. That is sufficient to make comparisons between her situation and theirs.

Plaintiff's motion to compel in regards to request numbers 22, 24, 27, and 64 will be denied.

C. <u>Monitoring of Plaintiff or Her Computer</u>

Document requests 16, 32, 33, 34, 35, 38, 39, 40, 41, 92, and 93 all relate to what plaintiff believes to be the improper monitoring of her or her computer by defendant. The following chart indicates the nature of her requests:

| Number | Request | Period |
|--------|---------|--------|
| 16 | All documents created or received by FERC security personnel, including contractors and Commission employees relating to plaintiff | From January 1, 2003 to the present. |
| 32 | All documents relating to the authorization for monitoring plaintiff's work station at FERC | None. |
| 33 | All documents requesting, authorizing,, and/or facilitating the monitoring of plaintiff's work station and documents generated by plaintiff and/or about plaintiff from servers at FERC | None. |
| 34 | All documents retrieved from her work station | None. |

| 35 | All documents retrieved from FERC servers pursuant to an instruction relating to plaintiff | None. |
|---|---|---|
| 38 | All documents relating to monitoring plaintiff at FERC | None. |
| 39 | All documents relating to monitoring plaintiff elsewhere | None. |
| 40 | All images of plaintiff in FERC's custody | None. |
| 41 | Listings, compilations, reports pertaining to images of plaintiff | None. |
| 92 | All documents relating to plaintiff and computer-generated documents from servers, computer, interception of e-mails, key stroke or other monitoring, metadata, print outs of electronic information and documents regarding usage of computer and Internet access. | None. |
| 93 | All documents relating to and resulting from search conducted by IT using the words "Marcia," "Lurensky," "Complaint," and "Jack" | None. |

*Monitoring Plaintiff's Computer*

Defendant explains that, like all other persons employed by the United States (including judges) plaintiff was warned when she opened her computer that her use of it was subject to monitoring, recording, auditing, and inspection by authorized FERC officials. Def. Opp. 16. Plaintiff was given a copy of this policy. Defendant also references the explanation it provided in its answer to the amended complaint at paragraph 30, which indicates that it caused an Information Technology employee to examine the computers of eleven employees, including plaintiff, on November 5, 2004. Id. This led to the creation of a CD-Rom, given to plaintiff, that

contains all the electronic data that was on two restored drives, her PST archive file and her K

drive. Id. at 17.  The instructions to the persons who did the restoration have also been logged on

its privilege log. Id.  Other than this specific action, and the warning given to plaintiff that is

given to all employees, there has been none of the monitoring suggested by the document

requests, which infer that someone constantly watched every minute of how plaintiff used her

computer.

Plaintiff argues that the fact her computer was searched in November 2004 gives good

cause to believe that other documents pertaining to the monitoring exist. Pl. Mot. 24.  For that to

be true, one would have to accept speculation, based on no evidence, that defendant did more

monitoring than it explains it did.  There is no reason to speculate so, and defendant cannot be

compelled to produce documents about "monitoring" that it never did.

*Video Surveillance*

As to plaintiff's demand for images of herself and for documents pertaining to her

physical surveillance and to the surveillance of her person as she went from one place to another,

defendant has no recordings for the period of 2003 to 2005, the period of time during which

plaintiff complains the monitoring took place. Def. Opp. 21.  Defendant made a reasonable

inquiry and found no recordings to exist.  Furthermore, this request is, to put it mildly, overly

burdensome insofar as it would require defendant to review surveillance tapes for a twenty-year

period of time since plaintiff has worked at FERC since 1990.  Plaintiff cannot seriously be

suggesting that someone must look at 20 years of video tapes to satisfy a discovery obligation.

Moreover, there is no showing, other than plaintiff's fantastic musings, that the

monitoring of her computer and her person ever took place.  Discovery cannot be premised on

such musings.

Plaintiff's motion to compel in regards to request numbers 16, 32, 33, 34, 35, 92, 93, 38, 39, 40, and 41 will be denied.

D. Reassignments and Application within FERC's Office of General Counsel and Solicitor's Office

Document requests 47, 48, and 49 all relate to documents concerning requests for reassignments within FERC, and in particular reassignment or applications to the Solicitor's Office. Pl. Mot. 34-37. Plaintiff's request 47 seeks *all* documents relating to requests for reassignment to and/or within the FERC's Office of General Counsel from 1997 and each year following (id. at 34) a thirteen-year period of time, even though she did not make an application to that office until sometime in 2003. Defendant did produce all requests made by plaintiff, and a chart showing reassignments within the Office of the General Counsel (as well as other sections) from December 1998 to August 2004, including information from all levels of employees, ranging from GS-6 to GS-15 and higher. Defendant has also agreed to produce further documents related to specific requests identified on the chart as supporting her claim. This is more than sufficient.

Document requests 48 and 49 are specific to the applications and reassignments to the Solicitor's Office. As will be recalled, plaintiff made an application to that office for an announced vacancy, but the announcement was thereafter withdrawn. Plaintiff has not asserted a cause of action for failure to hire based on applications she has made to the office. Defendant argues that plaintiff is not entitled to this information, and if she were, defendant has been unable to locate responsive documents related to the vacancy for which plaintiff had applied. Id. at 23.

That suffices as a more than sufficient response.

Plaintiff's motion to compel in regards to request numbers 47, 48, and 49 will be denied.

E. Discovery of Witness Information

Document requests 56, 57, 58, 59, 60, and 65 seek information related to persons identified in defendant's Rule 26 disclosures as potential witnesses. Plaintiff seeks documents related to the counseling or disciplining of these employees, hiring and/or reassignments of these employees, and awards or extended absence authorization of these employees. Requests 56, 57, 58, and 59 are patently irrelevant. Request 60 seeks charts, lists, diagrams, and other documents indicating office locations and assignments by named employees to offices and other work stations in the Energy Projects section. Pl. Mot. 46. Plaintiff seeks this information because she alleges that some of the persons were listed in defendant's Rule 26 disclosure as persons knowledgeable about plaintiff, although she did not perform any work with the identified individuals. Id. at 47. Instead, plaintiff argues that defendant lists subordinates and friends of Kendall incorrectly as co-workers of plaintiff. Id. One reason plaintiff wants maps or diagrams of office locations is because one of the witnesses claimed to "hear" what occurred in Kendall's office, because her office was next door, but plaintiff alleges that the office was not next door and she needs this proposed discovery to prove this.

First, as explained above, plaintiff's demand for "documents related to the counseling or disciplining of these employees, hiring and/or reassignments of these employees, and awards or extended absence authorization of these employees" as to every person listed in the Rule 26 disclosure irrespective of how that information pertains to the information these people might have is absurdly overbroad. It would mean that if a person, for example, has some knowledge

about whether plaintiff did not get "comp time" for going home early on Yom Kippur, the contents of her personnel file would have to be made available. If that were the law then discovery in Title VII cases against the government might never end.

Furthermore, defendant indicates that it undertook a careful search, and there are no responsive documents. Def. Opp. 28. That will suffice.[3]

Document request 65 seeks documents related to awards, authorization of extended absences, and the alternative detail of another FERC employee whom I will call Jane Doe. Defendant explains that plaintiff seeks information about a detail that this employee took in 2009, years after the events about which plaintiff complains, and, further, that any award to this employee is irrelevant to plaintiff's claims. Def. Opp. 29-30. Surely, since plaintiff neither complains about not being detailed or not receiving an award this information is patently irrelevant. That Jane Doe is a witness does not change anything, and plaintiff's notion that the award is proof of the hostile work environment she endured (see Def. Opp. 30) is bizarre. Id.

Plaintiff's motion to compel in regards to request numbers 56, 57, 58, 59, 60, and 65 will be denied.

F. Disciplining of Other Employees

Document requests 75 and 97 seek information related to the disciplining of employees, including four she names, for viewing images from the Internet and sending them to others using FERC e-mail. Pl. Mot. 55. Plaintiff's request is not limited in any way, and, in any event, plaintiff is not complaining about being disciplined, let alone for using the Internet to download

---

[3] Defendant does, however, have an obligation to supplement its Rule 26 disclosures if there are any changes. If, as plaintiff alleges, there are errors in the disclosures, the defendant should file its supplement.

images or sending them to others.

Document request 97 seeks documents related to disciplining any employees for false statements, falsification of documents, destruction of evidence, destruction of documents, harassing actions, inappropriate behavior in the work place, violation of FERC rules or directives regarding computer usage, destruction of evidence, threats or other hostile acts in the work place. Pl. Mot. 63. Plaintiff limits this request to the time period of "2000 and thereafter," as if that was a limitation. Again, plaintiff is not complaining about being disciplined, and this request is utterly illegitimate.

Plaintiff's motion to compel in regards to request numbers 75 and 97 will be denied.

G. "Where's My Change" Documents

Document requests 74, 76, and 77 relate to a video plaintiff refers to as the "Where's my change?" video. This video apparently is a sexually explicit video and is linked to plaintiff's allegations that her supervisor spoke to her about sexual matters, accessed sexual content on the Internet, and sent her this video. Am. Compl. ¶ 19. This allegation relates to plaintiff's claim of gender discrimination. Am. Compl. ¶ 34. Request 74 seeks production of the video and all records, notations, reports, and documents about it. Pl. Mot. 54. Defendant produced a CD-Rom containing the e-mail transmitting the video. Id. at 55. Plaintiff complains that she cannot access the information on the CD-Rom and seeks access to a FERC computer to do so. Id. Defendant claims that counsel has offered to speak to plaintiff's technical consultant to assist plaintiff to access the information from her home computer. Def. Opp. 33. Defendant claims plaintiff has been unresponsive to this offer; however, plaintiff argues that defendant has not offered assistance because it has not acquiesced in her request for re-production of the video in a

computer format that is not predicated on Outlook. Plaintiff's Reply to Defendant's Opposition to Plaintiff's Second Motion to Compel the Production of Documents [#66] ("Pl. Reply"), at 6. This is a waste of judicial resources. Plaintiff has had difficulties with the format of production, defendant has made offers to assist plaintiff, but plaintiff complains that the offers of help are not in the form she wants them. I will not compel the production in a format not predicated on Outlook, nor will I compel defendant to provide plaintiff with a computer workspace at FERC offices to review the CD-Roms, until plaintiff first earnestly explores whether defendant's sincere offer of assistance is futile, and discovers that the information on the CD-Roms is truly inaccessible to plaintiff as produced. Upon certification that the defendant's counsel is unable to assist plaintiff to access the information on her home computer, I may allow plaintiff to seek court intervention on this issue. I am, however, quite sure that this is a matter that can be resolved by the parties.

Document request 76 seeks the metadata and native format information of the distribution of the video. Defendant has produced this information in the aforementioned CD-Roms as far is relates to the distribution of the video to plaintiff. Pl. Mot. 56. Plaintiff wants the information regarding distribution to employees other than herself, but defendant argues that is beyond the scope of discovery. I agree; the distribution of the video to others besides the plaintiff is not relevant to her claims. Document request 77 is duplicative of request 76, and the responsive information has been produced in the CD-Rom.

Plaintiff's motion to compel in regards to request numbers 74, 76, and 77 will be denied.

H. Documents and Communications Regarding Plaintiff

Document requests 36, 61, 83, 84, 85, 86, and 96 seek documents that reflect

communications among FERC employees or between FERC and others about plaintiff. Request 36 seeks all communications to and from the staff of the Office of Executive Director relating to plaintiff. Pl. Mot. 31. Defendant objects to the request as overly broad and that it seeks some privileged materials. Id. at 31-32. Nevertheless, defendant responds that it has produced documents responsive to this request in response to other requests. Id. Plaintiff argues that this makes the production meaningless; however, it is the breadth of her request that makes the production meaningless.

Document request 61 seeks documents between FERC and Department of Labor about plaintiff, including about worker's compensation. Pl. Mot. Defendant argues that this is overly broad and not tailored in any way to the claims at issue in the lawsuit, but has nonetheless produced documents related to plaintiff's worker's compensation claim and the 2005 Report of Investigation. Id. That will suffice.

Document requests 83-86 request documents and communications to and from various FERC Chairmen and Executive Directors about plaintiff, Kendall, and/or Christin. The requests are not limited in any way by date or topic. They are, once again, too broad.

Finally, request 96 requests all documents from Kendall relating to plaintiff. Defendant objects that the request is duplicative, and that all responsive documents have already been produced in response to other requests. Pl. Mot. 63. Plaintiff wants identification of those documents responsive to this request; however, requiring defendant to do so would be unduly burdensome. This request is overly broad and not tailored in any way; it appears to me to be a "catch-all" request, to ensure that plaintiff has requested all possible responsive documents related to Kendall. This request, however, is improper. Plaintiff bears some responsibility in

efficiently conducting discovery. She cannot simply request all documents that ever existed about her, even if they have absolutely nothing to do with her claims.

Plaintiff's motion to compel in regards to request numbers 36, 61, 83, 84, 85, 86, and 96 will be denied.

I. Advanced Leave Documents

Document requests 37 and 95 related to requests for advanced leave.

Request 37 seeks all requests for advanced leave and documents relating to requests for advanced leave in the Office of the General Counsel from 2002. Defendant objects that this is beyond the scope of permissible discovery. Def. Opp. 20. Nevertheless, it produced documents containing requests for advance leave by employees in the Energy Projects Section as part of the 2005 Report of Investigation, already produced. Pl. Mot. 32. It also produced all the records and time cards it could locate from the relevant time period. Def. Opp. 20. This is sufficient.

Request 95 seeks all documents indicating FERC manager Christin's approval and/or denial of requests for administrative leave. Pl. Mot. 62. Once again, the request is not limited in any way, not even by the time period relevant to plaintiff's claims. Defendant did produce responsive documents as they pertain to any request for administrative leave by plaintiff. Id. Defendant also produced all leave request documents by employees in the Office of General Counsel for the time period from 2002 to 2005 that could be located and time card reports showing the hours worked by employees during the same period (including advanced leave, administrative leave, and alternate work schedule date). Def. Opp. 37. Plaintiff argues that she cannot find these documents in defendant's production and cannot confirm that they have been produced. Pl. Reply 23. The parties will meet and confer and determine how best to confirm that

17

these documents are within the documents produced to plaintiff.  If it is more likely than not that plaintiff does not have them within her possession, defendant shall re-produce the documents for her.

J. Documents and Communications Regarding Jack Kendall

Document requests 13, 72, 73, and 98 relate to documents or communications regarding Kendall.  Request 13 is overly broad by definition.  It demands all documents by Robert F. Christin relating to Kendall, irrespective of topic or date of creation without any limitation to any issue in this case.  Is plaintiff suggesting that a memo in 1996 by Christin as to Kendall's love of fly fishing should be produced in this lawsuit?  In any event, defendant represents that it has produced responsive documents that pertain to the claims at issue in this litigation from Christin, who left the agency in 2004. Def. Opp. 9.  Plaintiff provides me with no reason to disbelieve that representation, and defendant's production is sufficient.

Request 72 seeks the production of all instructions, records of instruction, or directions relating to the search of Kendall's computer, the server for documents generated by Kendall, or examination of his Internet usage. Pl. Mot. 52.  Plaintiff's or Kendall's use of the computer, including accessing the Internet for any purpose whatsoever, has nothing to do with this lawsuit, and plaintiff's assertion that following the chain of transmittal of the "Where's My Change" video will produce admissible evidence is the wildest speculation.  Request 73 requests the results, reports, and/or compilations of an such search and is overbroad for the same exact reason.  Request 98 essentially makes the same request and is equally objectionable.  Notably, defendant represents that it is producing the information generated from a retrieval of the data on Kendall's computer, as explained in paragraph 30 of the Answer to Plaintiff's Amended

Complaint. Plaintiff's answer to this is that she has not gotten the metadata (Pl. Mot. 53), but she does not provide a clue why she needs metadata.

Plaintiff's motion to compel in regards to request numbers 13, 72, 73, and 98 will be denied.

K. Documents Created by or Related to Robert Christin

Document requests 54 and 55 seek documents related to Christin. The first seeks documents related to his usage of FERC e-mail related to an organization called Americans Against Discrimination. I cannot find any conceivable relevance of such information to plaintiff's claims. Plaintiff's suggestion that she needs this information to cross-examine Christin (Pl. Mot. 39) is baffling. If membership is suggestive of a bias, plaintiff can cross examine Christin about it, since she now has all the information that FERC can provide about it. FERC surely cannot have information about the associations its employees join, whether it is this organization, the Kiwanis, the Sierra Club, or any such organization.

The second request seeks documents related to Christin's resignation. Again, this request seeks information that is patently irrelevant.

Plaintiff's motion to compel in regards to request numbers 54 and 55 will be denied.

L. Miscellaneous

Document requests 51, 66, 70, 94, 101, and 106 are requests that do not fall into any larger grouping. I will address each in turn.

Request 51 seeks pre-agendas and agendas for FERC meetings during the relevant time period. Plaintiff fails to demonstrate how these documents are relevant.

Request 66 seeks documents about *any* complaint of inappropriate sexual behavior by

FERC employees, with a specific request for communications from the Capitol City Brewing Company. Obviously, plaintiff has a particular incident in mind that took place at Capital City Brewing Company, but she has made no claim related to such an incident. Moreover, she cannot possibly be entitled to discovery of such complaints against people who are not claimed to have subjected her to any sexual harassment.

Request 70 requests plaintiff's work product in the Energy Projects section. Defendant has produced plaintiff's e-mail from the relevant time period, which includes some of her work product. Def. Opp. 31. Defendant claims, however, that producing the entirety of plaintiff's work product during this time period would be unduly burdensome. Id. Plaintiff argues that because her performance evaluations are at issue, her work product is relevant. Pl. Mot. 52. It is relevant only to that period of time where she received an evaluation that she claims was retaliatory; all of the rest of the work product is irrelevant.

Request 94 seeks *all* documents related to granting or denying religious compensatory time in the Office of the General Counsel without any time limitation whatsoever. Defendant has produced all of plaintiff's requests, but argues that producing records of *all* such requests is unduly burdensome. Def. Opp. 37. Defendant offers to produce requests of specific personnel, but states that a general search of the personnel records of all 200 employees is unduly burdensome, particularly in light of the fact that many such requests are handled on an informal basis. Id. Plaintiff alleges disparate treatment based on her religion in the handling of religious compensatory time; therefore, records of requests other than her own are relevant for a reasonable period of time and by persons in situations similar to hers. True to form, however, plaintiff rejects the defendant's offer to respond to a more limited request. Pl. Mot. 62. The

solution to being unreasonable is not to continue to be unreasonable, and she will get no help from me by persisting in her being unreasonable and declining to work with the defendant's counsel to help her get what she needs and can rightfully claim. Her motion to compel as to this request is denied.

Request 101 relates to documents related to conversations between certain employees regarding the truthfulness of plaintiff. Plaintiff contends that she is entitled to ascertain whether the defendant ever asked two employees if they thought plaintiff was truthful. Assuming that it did and they said either yes or no, what does that have to do with plaintiff's claims? Her motion to compel as to this request is denied.

Request 106 seeks all documents related to goods and services authorized by FERC because of plaintiff's protected activity. Plaintiff received a responsive document, the contract between FERC and outside counsel retained to defend the agency in the administrative process, through a FOIA request. Def. Opp. 40. While I do not understand how that document is relevant to her claims, plaintiff fails to establish why she needs any further production. Defendant will not have to produce anything further.

## II. Documents Withheld by Defendant as Privileged

Plaintiff seeks an *in camera* review of all of the documents, over 550, on the defendant's privilege log. The Federal Rules of Civil Procedure require that the party who is claiming privilege expressly make the claim and "describe the nature of the documents . . . not produced . . . and do so in a manner that, without revealing information, itself privileged or protected, will enable other parties to address the claim." Fed. R. Civ. P. 26(b)(5); see also N.L.R.B. v. Jackson Hosp. Corp., 257 F.R.D. 302, 307-08 (D.D.C. 2009)). Privilege logs are the most common

21

vehicle by which parties attempt to comply with these rules in claiming privilege. I do, however, find privilege logs to be on the whole useless. See, e.g., Covad, 267 F.R.D. at 27; Mitchell v. Nat'l R.R. Passenger Corp., 208 F.R.D. 455, 461 (D.D.C. 2002). Thus, if I am faced with a dispute over the sufficiency of descriptions in a privilege log, and if the number of documents is not great, I often will order the documents produced for *in camera* review. Covad, 267 F.R.D. at 27. Nevertheless, *in camera* review, because of the burden it places on the Court, should be the exception, and not the norm. Jackson Hosp. Corp., 257 F.R.D. at 308 (citing Victor Stanley, Inc. v. Creative Pipe, Inc., 250 F.R.D. 251, 265-66 (D. Md. 2008)). A court should use common sense when examining a privilege log, and in so doing, may draw inferences from a less-than-specific entry that rescues the entry from its possible inadequacy and eliminates the need for *in camera* review. Id. Plaintiff objects to thirty-five entries on defendant's log. I have tried to review both the privilege log and plaintiff's objection to the log, and, frankly, can make neither heads nor tails of either. Thus, it will be a better use of judicial resources to simply review the thirty-five documents at issue, and I will order an *in camera* review of the thirty-five documents to which plaintiff specifically objects. In addition to the *in camera* submission, defendant should provide a very brief memorandum in support of its claims of privilege to the documents.

### III. Defendant's Rule 26 Disclosures

Plaintiff asks the Court to direct defendant to timely supplement its disclosures and/or correct his disclosures and to disclose information it is obligated to disclose under Rule 26 of the Federal Rules of Civil Procedure. Pl. Mot. 84. Plaintiff's concern is that the job status of several of individuals listed in defendant's disclosures has changed and that a phone number for one of the individuals was not listed. Plaintiff has recently learned of both the change in job status and

of the phone number. Rule 26 of states that a party must supplement or correct its disclosures: "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Thus, the issue appears to be moot, because plaintiff already has this information. Nevertheless, I am sensitive to plaintiff's concern that additional incorrect or incomplete information exists in defendant's disclosures, but has not been updated. I will order defendant to review its initial disclosures and supplement them if it recognizes that "in some material respect the disclosure or response is incomplete or incorrect." Id.

## CONCLUSION

For the reasons stated herein, plaintiff's motion to compel will be denied in part and granted in part. A separate order accompanies this Memorandum Opinion.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE